KINGSBURY, APPELLANT, v. FISHER, APPELLEE.

ACTION—RECONVEYANCE.

One who holds as security for the payment of an indebtedness a deed in form an absolute conveyance, but which was in fact a mortgage, is not required to reconvey as a condition precedent to the recovery of judgment for amount of the indebtedness.

*Appeal from the District Court of Gunnison County.*

Messrs. THOMAS & THOMAS, for appellant.

Mr. A. GULLETT and Mr. S. D. CRUMP, for appellee.

REED, J., delivered the opinion of the court.

Appellee brought suit to recover $650 and interest; also sued out an attachment. Appellant, as alleged, at different times, from Oct. 1st until Dec. 31st, 1890, borrowed money from appellee amounting in the aggregate to $500, for which he was to pay $50.00 as interest, and was also indebted to appellee in the further sum of $100 for labor. A deed for one quarter interest in a mine owned by appellant was made out and deposited in a bank when $350 of the amount had been advanced, the agreement being that the conveyance was made to secure the payment of the money, and, in case of failure to pay, was to be delivered to appellee. Subsequently, appellant applied to appellee for more money, and obtained $200, making the money advanced $500; interest claimed, $50.00, and for labor $100. When the last $200 was obtained, the deed was taken from the bank, delivered to the appellee and by him recorded. The claim of plaintiff below was that the deed, though an absolute conveyance, was only made as a mortgage to secure the payment of the money borrowed, and that it remained so. The defendant (appellant) admitted that that was the intention and character of the conveyance when made, and so remained until the last $200 was paid by the plaintiff and the deed delivered. That a new contract was then made and that plaintiff purchased the property and became the owner, making the last $200 as the final payment for the property.

The only important issue tried to the jury was the question of the contract of the parties and character of the conveyance. As to the claim of $100 for labor there was no controversy. The testimony was quite conflicting and quite evenly balanced as to the nature of the transaction. There was some evidence to show that the mine was of very little value, that the assessment work had not been done, and that previous to the trial appellant had sent a man by the name of Maydole to the mine who relocated it in his own name, and, as he testified, held the title in trust for those who might be

entitled to it, claiming no ownership himself.   The jury found for the plaintiff in the sum of $650, and judgment was entered upon the verdict.

At the close of the plaintiff's evidence defendant moved for a nonsuit.   The overruling of the motion is the first error assigned.   Counsel contend in argument that plaintiff could not retain the property conveyed and get judgment for the money, or in other words, that plaintiff must reconvey before he could maintain an action.   This position seems to have been relied upon and some authorities are cited in its support, whether in point and applicable, depends entirely upon the nature of the transaction, whether a mortgage or sale.   If a sale, and by reason of fraud or otherwise the grantee had a right to rescind, he must first reconvey.   Such appears to have been the view of counsel in argument, and from that standpoint his authorities support his contention ; but I have found no case where the rule was applied to property conveyed as security, and the jury found such was the nature of the conveyance.   Another unanswerable argument is that the title had entirely failed through negligence of the grantor, and he had through his agent Maydole obtained a new one, and appellee's title having been extinguished, he had nothing to convey.

Of the other assignments nine are general and may be consolidated in one, that the judgment was wrong and should have been for the other party.   No reasons are given in argument or elsewhere to sustain the suppositions of error.

By the sixth assignment, an instruction to the jury is questioned and the instruction set out *in hæc verba*, but the error does not appear to be relied upon in argument.   I have carefully examined all the instructions given and they seem correct.   The finding of fact by the jury cannot be said to have been against the evidence or a preponderance of it, and cannot be disturbed.

The judgment must be affirmed.

*Affirmed.*